ALLEN et al. v. KONRAD.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

CONTRACT—MISTAKE—PAROL EVIDENCE.

> Plaintiffs' agent sold defendant a bill of cigars. Another agent delivered the cigars, and handed defendant a contract of agency, which he said was a receipt for the goods; and defendant signed, believing it to be merely a receipt. *Held*, in an action under the written contract, for conversion of the cigars, that evidence was admissible that the paper was not signed as a contract and never took effect as such, and that the only contract made between the parties was the contract of sale between defendant and the first agent.

Appeal from municipal court, borough of Brooklyn.

Action by David Allen and another against John S. Konrad. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

J. Wilson Bryant, for appellants.
David Hirschfield, for respondent.

WOODWARD, J. The plaintiffs are manufacturers of cigars. Their agent visited the defendant, and sold him a bill of goods amounting to $43. Another agent of the plaintiffs delivered the goods, and handed the defendant a paper which the agent said was a receipt for the goods, which defendant signed, and which now appears as plaintiffs' exhibit in the case, as a contract of agency on the part of the defendant. The plaintiffs insist that the defendant holds the goods as their agent, that he has refused to deliver them or to make payment for the same in the manner provided in the contract, and that defendant has converted the same. On the trial of the case the court below dismissed the complaint upon the merits, and appeal comes to this court.

The plaintiffs rely upon this appeal on their objections and exceptions taken at the trial, based upon the idea that the evidence was incompetent and immaterial, as tending to vary the terms of a written contract; but we are of opinion that the alleged contract was never entered into as an expression of the intention of the parties, but was signed by the defendant under the impression that it was a mere receipt for the goods, and that the judgment in favor of the defendant was a proper disposition of the case. While it will not be questioned that parol evidence may not be introduced to vary or control a written instrument, the authorities cited by the plaintiffs do not hold that the court may not be informed as to whether a contract was ever in fact made. The difficulty with the plaintiffs' case is that there is no subsisting contract between the parties. Their minds never met in the execution of the writing in evidence, but the so-called contract was signed under a misapprehension as to the facts; it being represented to the defendant as a mere receipt for the goods, and not as a contract. The contract between the parties was made when the agent sold the goods. The terms of that contract were controlling, and there is no evidence in the case to support any other contract, or to show that the defendant ever made any other agreement than that entered into between the plaintiffs' salesman and the defendant. The plaintiffs ought to be able to show a contract free from all trickery, before they attempt to use the harsh remedy of an action for conversion, and we are of opinion that the ends of justice require the affirmance of this judgment.

The judgment should be affirmed, with costs. All concur.