Argued February 1, decided February 6, 1912.

## HILLYARD *v.* HEWITT.

(120 Pac. 750.)

EVIDENCE—PAROL EVIDENCE—ADDING TO CONTRACT.

1. Parol evidence is inadmissible to add to the terms of a complete written contract; but this does not forbid showing that what appears to be a contract is merely a part of a larger transaction

SALES—AGENCY—EVIDENCE OF CONTRACT.

2. Evidence *held* to show a written order for goods to be but a part of a contract of agency to sell, not completed, contemplating the assigning to the buyer of an exclusive agency, and the giving of the order for the goods which the agent contemplated selling.

PRINCIPAL AND AGENT—AGENT'S AGREEMENT—TAKING PARTIAL ADVANTAGE THEREOF.

3. One cannot take advantage of that part of his agent's agreement, favorable to him, and repudiate the remainder.

PRINCIPAL AND AGENT—RIGHT TO ASSUME GENERAL AGENCY.

4. Persons dealing with an admitted agent may assume that his agency is general, in absence of contrary indication.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by L. O. Hillyard and F. D. Raforth, partners, doing business under the firm name and style of Burglar Proof Lock Co., against J. A. Hewitt, to recover the price of a consignment of locks furnished to defendant, upon an alleged written contract or order for their purchase. Defendant answered by a general denial, and for a further defense alleged that in June, 1909, at Salem, Oregon, plaintiffs agreed to appoint, by a properly executed written instrument, defendant as their general agent and salesman, with the exclusive right to sell, in Marion County, Oregon, plaintiffs' burglar proof window locks; that it was further agreed and understood that plaintiffs would ship by freight from Dubuque, Iowa, a quantity of the window locks to defendant at Salem, to be sold by him as their agent; that he should receive 40 cents, as commission, for each lock sold; that the sale price of each lock should be $1; that the balance of 60 cents on each sale should be paid to plaintiffs; that until the locks were sold and disposed of by defendant the title to the entire shipment should remain in plaintiffs; that in case defendant should fail to sell the same, or any part thereof, he should return them to plaintiffs, by freight, at Dubuque, Iowa, defendant to pay the freight on such shipment from Dubuque to Salem, and in case the goods were returned plaintiffs would pay the freight from Salem to Dubuque; that about July 6, 1909, plaintiffs shipped to defendant four gross of window locks, and defendant paid the freight thereon, took possession of the same, and in good faith attempted to sell them according to the agreement; that he was unable to make any sales; that about August 27, 1909, plaintiffs notified

him that they would not be longer bound to the agreement, and refused to perform their part of the agreement; that thereupon defendant duly returned, by freight, to plaintiffs at Dubuque, all the window locks; and that defendant has performed all the terms and conditions of the agreement upon his part.

Plaintiffs replied, denying the new matter in the answer, and set out in full the alleged contract or order upon which the goods were furnished, which is as follows:

"Order No. 40.                         6—30—1909.
      Burglar Proof Lock Company.
  "Ship J. A. Hewitt of Salem, Oregon, street number, 1740 Court St., via S. P. Ship at once. Terms: 60 days net or 2 per cent in 10 days. To be paid at Dubuque, Iowa. Business, Real Estate.

3 gross copper oxidized (at $86.40 per gross)....$259.20.
½ gross dull brass (at $86.40 per gross)........... 43.20
½ gross nickel-plated (at $86.40 per gross)....... 43.20

                                         ————
                                         $345.60

  "He owns property: 1 model. 1 set plates.
  "For reference, Ladd & Bush Bank, or any bank here.
  "This order *not subject to countermand.* All goods sold f. o. b. Dubuque. It is understood and agreed by the purchaser of these goods that the same *cannot* be returned.
  "Purchaser, J. A. Hewitt. Salesman, E.       7-6-09."

The reply further alleged that plaintiffs' agent, F. C. Hillyard, who took the order, had no authority to assign territory, appoint subagents, or make any other agreement binding upon plaintiffs, other than for the outright sale and delivery of merchandise.

Upon the trial plaintiffs called defendant as a witness, and proved by him the execution of the order. The testimony of defendant tended to show that at the date of the signature of the order an agent of plaintiffs visited his place of business, and said he was establishing agencies for the sale of plaintiffs' goods, and wanted somebody to take the agency for Marion County. He proposed to

establish the agencies, giving exclusive territory, so that no one else would have a right to sell in that territory. Under these conditions, defendant agreed to sign the order, which was filled out by the agent. He testifies that the agent was sitting at a table opposite defendant, and passed the order over to him to sign, at the same time having his hand on the upper end of the paper, and when defendant affixed his signature the agent took the paper and started to leave the room; that as he was passing out through the door defendant inquired about the assignment of territory, and the agent answered "that he had no right to assign that territory, but that the company would assign it when the goods were sent." When the goods came, there was no assignment, and plaintiffs never made such assignment at any time. Defendant thereupon reshipped the goods to plaintiffs, refusing to pay for them.                    AFFIRMED.

For appellants there was a brief over the names of *Mr. Charles L. McNary, Mr. John H. HcNary* and *Mr. Walter L. Spaulding,* with oral arguments by *Mr. Charles L. McNary* and *Mr. Spaulding.*

For respondent there was a brief with an oral argument by *Mr. Grant Corby.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Where a contract, complete in its terms, is shown to have been executed by the parties, it is clear that one will not be permitted to add other terms by parol evidence; but this rule does not prohibit a party from showing that what appears to be a contract is not so in fact, but is merely a part of a larger transaction, which has never been completed. Lawson, Contracts (2 ed.) §§ 382, 383; Greenleaf, Evidence, (16 ed.) § 284*a; Branson* v. *Oregonian Ry. Co.,* 11 Or. 161 (2 Pac. 86); *Allen* v. *Konrad,* 59 App. Div. 21 (68 N. Y. Supp. 1057).

2. The testimony tends to show that the contract contemplated included two things: (1) The assigning to defendant of an exclusive agency for the sale of plaintiffs' goods; and (2) the giving by defendant of an order for the goods which he contemplated selling. Plaintiffs' agent procured defendant's signature to the order, and then vanished, without making the assignment, and plaintiffs refuse to perform that part of the agreement which was the procuring cause of defendant's signature. Here is no complete agreement, but merely half of an agreement.

3. Plaintiffs cannot send out an agent and take advantage of that part of his agreement which is favorable to them, and repudiate the remainder. *La Grande National Bank* v. *Blum,* 27 Or. 216 (41 Pac. 659). For the purposes of this case, therefore, Hillyard must be treated as the general agent of plaintiff.

4. Parties dealing with an admitted agent of another have a right to assume, in the absence of anything indicating a contrary state of affairs, that his agency is general. *Aerne* v. *Gostlow,* 60 Or. 113 (118 Pac. 277); *Austrian & Co.* v. *Springer,* 94 Mich. 343 (54 N. W. 50: 34 Am. Rep. 350).

The judgment of the circuit court is affirmed.

AFFIRMED.

Mr. Justice BURNETT took no part in this decision.