No. 9810.

MOORE v. JACOBUCCI.

Proceedings in garnishment under execution. Judgment for intervenor.

### Reversed.

1. CHATTEL MORTGAGE—*Consent to Sale of Property—Proceeds.* Consent by the mortgagee to the sale of mortgaged property, is a waiver of the lien of the mortgage.

2. *Sale of Property by Consent—Proceeds.* Upon a sale of mortgaged property with the mortgagee's consent, the mortgage lien does not attach to the proceeds.

3. *Proceeds of Sale—Garnishment.* Proceeds from the sale of mortgaged property, where the sale is with the consent of the mortgagee, are subject to garnishment in the hands of the purchaser.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. HARRY S. CLASS, for plaintiff in error.

No appearance for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error brought an action against one Trostel, in Adams County, upon certain promissory notes, and had judgment. An execution duly issued and under it a levy was made on the sum of $400 then in the hands of The Great Western Sugar Company, garnishee, in said Adams County.

Thereafter, the defendant in error intervened, setting up that the money in question was the proceeds of certain beets upon which he had a chattel mortgage, which was recorded in Weld County. From the agreed statement of facts, it further appears that Trostel, the judg-

ment debtor, with the knowledge and consent of the said mortgagee, delivered said beets to the Sugar Company in the County of Adams. Further, that there was no agreement that the said garnishee was to act as trustee or agent for any of the parties.

On the trial of the issues thus raised, the court found for the intervenor, and entered judgment accordingly. The cause is before us on error.

The facts being as thus stated, it must be held that the court erred in finding for the intervenor and entering judgment in his behalf.

It is a settled rule of law that consent by the mortgagee to the sale of the morgaged property is a waiver of the lien of the mortgage. *Wilson v. Voight,* 9 Colo. 614, 13 Pac. 726; *Ziegler v. Ilfeld,* 52 Colo. 275, 122 Pac. 56, Ann. Cas. 1913D, 583.

It is also the rule that upon a sale of the mortgaged property, with the mortgagee's consent, the mortgage lien does not attach to the proceeds. *Maier v. Freeman,* 112 Cal. 8, 44 Pac. 357, 53 Am. St. Rep. 151.

Where such sale has been made, the mortgagee is left with no security except the personal promise of the mortgagor to pay the proceeds to him. *White Mountain Bank v. West,* 46 Maine 15.

It does not appear in this case what, if any, agreement there was as to the proceeds of the sale. In any event, they were subject to garnishment in the hands of the purchaser whose debt was in fact to Trostel, the judgment debtor.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE ALLEN concur.