## No. 10,463.

### CLATWORTHY *v.* FERGUSON.

Decided November 6, 1922. Rehearing denied December 4, 1922.

Action involving the disposition of proceeds from the sale of sugar beets. Judgment for mortgagee.

### *Affirmed.*

1. ASSIGNMENTS—*Chose in Action—Liens.* The assignee of a chose in action takes subject to valid liens on the same at the time

of the assignment, and also subject to all equities against the assignor of which he has actual notice, or of which he is chargeable with notice.

2. CHATTEL MORTGAGE—*Sugar Beets—Sale—Equitable Lien.* Where the mortgagee of a crop of sugar beets permits the mortgagor to sell and deliver them to a sugar company, relying upon a custom of the company to make the check for the proceeds payable to all parties interested therein, of which custom and mortgage lien, other subsequent lien claimants had notice, the mortgagee is held to have an equitable lien against the proceeds of the beets, which in point of time relates back to the making of the mortgage.

3. *Sale of Mortgaged Property—Case Distinguished.* Moore v. Jacobucci, 70 Colo. 171, distinguished.

4. GARNISHMENT—*Prior Claims.* A garnishment proceeding cannot displace prior valid and bona fide existing rights and claims against the debt or property involved.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Messrs. COEN, MALLORY & PAYNTER, for plaintiff in error.

Messrs. JOHNSON & ROBISON, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in interpleader, and the controversy is now only between the defendants, W. H. Clatworthy and Virginia Ferguson, each of whom claims a right, superior to that of the other, to the proceeds of a crop of beets delivered to the plaintiff, The Great Western Sugar Company, by the third defendant, John Engel. The trial court found in favor of Ferguson, and rendered judgment accordingly. Clatworthy brings the cause here for review.

The claim of Clatworthy, plaintiff in error here, is based on an assignment made May 28, 1921, by John Engel, the grower of the beets. Briefly stated, this purports to be an assignment of moneys to become due to Engel from the

sugar company "on account of the beet contract" for the year 1921.

Clatworthy, as the assignee of a chose in action, took the assignment subject to valid liens on the same at the time of the assignment. He also took the assignment subject to all equities against Engel of which he had actual notice or of which he was chargeable with notice. 5 C. J. 974, sections 164, 165; *Whitehead v. Jessup,* 7 Colo. App. 460, 43 Pac. 1042.

The evidence shows that at the time the assignment was taken, Clatworthy, the assignee, had actual notice of a lease between Ferguson, as landlord or landlady, and Engel, as tenant, and of a provision of the lease making the rent a lien "against the crop."

Also, at the time of the assignment, Clatworthy had notice of a chattel mortgage which had been given to Ferguson by Engel upon the crop of beets.

The assignee, Clatworthy, was entitled only to what moneys were coming to Engel, the assignor, from the sugar company on account of the beet-growing contract.     All the beets were mortgaged to Furguson, and Engel made default in the payment of the notes secured by the mortgage. Ferguson could have taken possession of the beets and sold them to satisfy the mortgage, and in that event there would be nothing coming to Engel and therefore nothing to his assignee, Clatworthy. But the mortgagee, Ferguson, did not foreclose the mortgage in this manner. Instead, she permitted the beets to be handled and paid for in accordance with the usual custom; that is, the grower of the beets, in this case Engel, was allowed to deliver them to the sugar company, and the sugar company gave a check payable to all parties who might have an interest or claim in the proceeds of the beets, or the beets themselves.

The trial court specifically found that at the time Clatworthy took his assignment, he, as well as Engel and Ferguson, knew of the custom of the sugar company in reference to the manner in which payment was made for beets delivered to it.     Therefore he knew how Ferguson

would seek to benefit from her lien against the crop, her lien given by the lease and her lien given by the chattel mortgage.

Ferguson never consented to the sale of the beets, in the sense that the sale would be by Engel on his own behalf. She merely allowed Engel to deliver the beets to the sugar company with the understanding that the usual custom as to issuing checks payable to all parties interested be followed, which was the equivalent of a sale by the mortgagor as agent of the mortgagee and the application of the proceeds to the payment of the mortgage debt.

Under the decision in *Moore v. Jacobucci,* 70 Colo. 171, 197 Pac. 1015, the lien of the chattel mortgage was lost, so far as there was a lien on the property mortgaged, and the lien did not follow the proceeds as against third persons. However, under the circumstances disclosed by the record and hereinbefore referred to, Ferguson had an equitable lien against the proceeds as against Engel, her tenant and mortgagor. That in equity the lien may adhere to the proceeds, as between the parties to the chattel mortgage, is held in *Hillman v. Morton,* 9 Ky. L. 198, cited in support of the text to the same effect in 11 C. J. 633. An equitable lien is the right to have the property subjected to the payment of a debt or claim. 25 Cyc. 662. Equity, in some cases, raises liens without agreement therefor between the parties, based upon general considerations of justice. *Oppenheimer v. Szulerecki,* 297 Ill. 81, 130 N. E. 325. As against Engel, Ferguson had a valid mortgage lien against the beets, and after their delivery to the sugar company she had an equitable lien against the proceeds of the beets. The latter lien really existed since the beginning of the transactions between the parties, for it was then understood what the custom was and would be, that is, that the beets would be delivered and checks issued to all parties interested in the proceeds, including landlords and known mortgagees. The parties to the chattel mortgage in question intended and expected that the mortgagee should and would be paid out of the proceeds of the beets described

in the mortgage. Some of the language in *Flanagan Bank v. Graham,* 42 Ore. 403, 71 Pac. 137, is consistent with what has been hereinbefore stated, and is applicable here. There the court said:

"The general principle governing a mortgage intended to cover property not in existence or after-acquired seems to be that in law it is ineffectual and void, but in equity it is regarded as an executory agreement, which, if ineffectual per se to transfer the present legal title, operates to impress a lien according to the agreement of the parties, when the property is eventually brought into existence, and may be said to be acquired under the familiar maxim that 'Equity considers done that which ought to be done.' The instrument called a 'mortgage,' under such conditions, is construed as operating by way of a present contract to give a lien, which, as between the parties and all others having notice or knowledge thereof, takes effect or attaches to the subject as soon as it comes into the ownership of the mortgaging party."

In point of time, this equitable lien relates back to the making of the contract or mortgage. In the instant case, as before noted, Ferguson's mortgage was executed and recorded prior to Clatworthy's assignment, and Clatworthy took the assignment with notice of the lien because he took with notice of the usual custom with reference to the issuance of beet checks payable to mortgagees and others claiming an interest in the proceeds.

Had Engel and Ferguson agreed that the sugar company make all checks payable only to Ferguson, the mortgagee, until the mortgage should be satisfied, Ferguson would have been entitled to retain the money, under the doctrine announced in *Hoyt v. Clemans,* 167 Ia. 330, 149 N. W. 442, L. R. A. 1915C, 166.

Clatworthy took his assignment with full knowledge of the situation existing between Ferguson and Engel, and of the understanding that the mortgage would be recognized by the sugar company when payments for beets were made. He stands exactly where his assignor, Engel, stands, and

since Ferguson is entitled to the proceeds as against Engel she is entitled to them as against Clatworthy, the assignee who took with notice of Ferguson's equities in the moneys which were expected from the delivery of the beets, or in the "beet contract."

The trial court reached the correct result, and it is unnecessary to consider other theories on which, it is claimed, the judgment may be sustained.

The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE CAMPBELL not participating.

*On Petition for Rehearing.*

MR. JUSTICE ALLEN. The plaintiff in error claims that no distinction exists between the instant case and *Moore v. Jacobucci*, 70 Colo. 171, 197 Pac. 1015, because the garnisheeing creditor in that case had to rest his claim on the title of the principal defendant just as did the assignee in the instant case. In the Moore case, at the time of the garnishment the lien of the mortgage had terminated. The opinion there does not indicate that the mortgagee had any lien, of any kind whatever, against the proceeds of the beets. On the other hand, in the instant case, the mortgagee of the *beets* had, under the circumstances described in the opinion, an equitable lien against the *proceeds of the beets.* If the plaintiff in error was a garnishee instead of an assignee (and he claims his rights are the same in either event) then we would have to say that "a garnishment proceeding cannot displace prior valid and bona fide existing rights and claims against the debt or property involved." 28 C. J. 255. We therefore adhere to the opinion filed in this case, and still regard the Moore case as not decisive of the instant case.

It is further claimed that this court erred in holding that defendant in error Ferguson had an equitable lien against the proceeds of the beets. To support this contention, the

plaintiff in error invokes the rule, stated in *Silent Friend Mining Co. v. Abbot,* 7 Colo. App. 73, 42 Pac. 318, that an equitable assignment is not created by an agreement to pay out of a particular fund. The rule is not applicable here, for the reason that the defendant in error is not relying on an agreement on the part of the beet grower to receive the fund from the sugar company and out of it pay her. Instead she is relying on the custom of the sugar company to pay over the fund jointly to all parties entitled thereto. Equitable liens are created from considerations of justice. It seems that we can regard the defendant in error Ferguson either as having an equitable assignment of the funds, or as the holder of an equitable lien against the proceeds of the beets. The beet grower, Engel, did not have such control of the funds as to prevent Ferguson from being an equitable assignee of her part thereof. In 5 C. J. 915, is found the following, in note 38, which meets with our approval:

"Where a mortgagee consented to the sale of mortgaged property by the mortgagor on condition that the purchaser should pay the purchase money to him it was held that this would operate as an equitable assignment of the vendor's claim to the purchase money, even though the purchaser knew nothing of the conditional assent. *McIntyre v. Hauser,* 131 Cal. 11, 63 Pac. 69."

We adhere to the former opinion also as to the matter of the equitable lien.

The petition for rehearing is denied.