Argued at Pendleton May 5, affirmed June 24, 1924.

## MRS. J. G. SNODGRASS *v*. WALLOWA MILLING & GRAIN CO.

(227 Pac. 294.)

**Chattel Mortgages—Conditional Sale Contract Held to Constitute Valid Chattel Mortgage.**

1. A contract of sale of an automobile *held* to constitute a valid chattel mortgage between parties thereto and creditors having knowledge thereof, although mortgagee left the car with mortgagor to sell for mortgagee.

**Corporations—Knowledge of Officer, While Acting as Officer of Another Corporation, not Imputable to First.**

2. Knowledge acquired by an officer or agent of one corporation while acting as an officer or agent of another corporation is not imputable to first corporation.

**Appeal and Error—Judgment Supported by Material Evidence not Disturbed.**

3. If any material evidence supports the verdict, the judgment will not be disturbed on appeal.

**Chattel Mortgages—Whether Defendant Creditor had Knowledge of Mortgagee's Lien on Car Held Question of Fact.**

4. In mortgagee's action for money had and received from sale of mortgaged automobile by defendant, a corporation which was under the same management as mortgagor corporation and which was a creditor of mortgagor, whether defendant had notice of plaintiff's lien on the car *held* a question of fact.

**Principal and Agent—Principal cannot Take Advantage of Favorable Part of Agent's Contract and Reject Remainder.**

5. A principal cannot take advantage of that part of an agent's contract favorable to him and repudiate the remainder.

---

2. Corporate officer's knowledge acquired as officer of other corporation as imputable to corporation, see note in **Ann. Cas. 1915A,** 861.

Chattel Mortgages—Theory of Waiver of Lien by Mortgagee's Consent to Mortgagor's Sale Held Inapplicable.

6. Contention that there was a waiver of mortgage lien on proceeds of sale of mortgaged property on ground of mortgagee's consent to the sale by mortgagor could not be sustained, where sale was made and proceeds were received, not by mortgagor corporation, but by another corporation under the same management.

Principal and Agent—Instructions on Ratification must Include Element of Principal's Knowledge of Agent's Contract.

7. Instructions relating to ratification of agent's contract *held* properly refused for omitting to require knowledge on principal's part of agent's contract.

Trial—Refusal to Give Instructions Covered by Other Instructions not Error.

8. Refusal to give instructions covered by other instructions given, is not error.

From Union: J. W. KNOWLES, Judge.

In Banc.

This was an action for money had and received. The defendant is a private corporation having its principal office and place of business at Enterprise, Wallowa County, Oregon. On the eighteenth day of September, 1920, the Inland Motor Company a private corporation organized and existing under the laws of the State of Oregon, having its place of business at La Grande, Union County, Oregon, and also having a branch office and place of business in Enterprise, Wallowa County, Oregon, borrowed from the plaintiff the sum of $4,000. That loan was evidenced by a promissory note of the said Inland Motor Company and executed by C. C. Pennington as vice-president and J. G. Snodgrass as general manager. On the sixteenth day of November, 1920, the amount due and unpaid on said note, which was a demand note, was $2,500. The plaintiff was demanding either the payment of the note or security for the payment of the same. The Inland Motor Company, then being the

owner of a Nash sedan motor-car, executed a contract of sale in favor of the plaintiff containing the usual terms of such contracts where the title to the chattel is retained by the seller. At the time the contract of sale was entered into, one Wade Siler was president of the Inland Motor Company and presided at the meeting of the board of directors of that company at the time the security was given to the plaintiff as aforesaid. This meeting was held at the office of the Inland Motor Company at La Grande in the evening. Wade Siler, its president, was at that time also general manager of the defendant company, and his business required him to return to Enterprise early the next morning before the contract of sale could be conveniently prepared. At his request, C. C. Pennington, vice-president of the Inland Motor Company, executed the contract in behalf of that corporation. On or about the twenty-first day of September, 1921, Wade Siler was deposed as president of the Inland Motor Company and removed from the office of general manager of the defendant corporation by Max Houser who owned the controlling interest in both corporations. Will Kennedy was made president and manager of both corporations, and was manager of both corporations at the time of the sale of the Nash sedan motor-car hereinbefore mentioned.

After the execution of the contract of sale, the plaintiff left the car in the possession of the Inland Motor Company with her consent that the latter could sell the car for her benefit. During all this time the Inland Motor Company was largely indebted to the defendant corporation, and about the time of the sale of the car its assets were attached and it subsequently went into bankruptcy. In October, 1921, Wade Siler, until recently president of the Inland

Motor Company and general manager of the defendant corporation, drove the car to Enterprise for the purpose of selling the same for the benefit of the plaintiff. Put Siler, who had been a salesman for the Inland Motor Company, a few days later sold the car to Dr. Gregory of Wallowa for the sum of $1,500 cash and a Nash roadster, upon which no value was placed at the time of sale, but which was estimated to be worth the sum of $600. He was a brother of the said Wade Siler. Before the sale, one Hanna, assistant manager of the defendant corporation and having immediate charge of the affairs of that corporation in Wallowa County, informed Put Siler that the defendant company wanted the money that should be received for the sedan. When the sale was made the said Put Siler, acting under the direction of said Hanna, wrote out a check in favor of the defendant corporation for the sum of $1,500, which check was signed by Dr. Gregory. The check was immediately deposited for collection by the defendant company and was collected in due course. Thereafter, the plaintiff having learned of the sale demanded the amount due her upon her promissory note which then amounted to $1,415. After some negotiations conducted, in part at least, by one Austin representing the defendant Wallowa Milling & Grain Company and described as an auditor representing Max Houser and Portland creditors of both corporations, $815 of the amount received from Dr. Gregory for the sedan was deposited by the defendant corporation in a bank to the credit of the Inland Motor Company, and that sum paid to the plaintiff. The defendant refused to pay over the further sum of $600 which is conceded to have been due at the time of the transactions to the plaintiff, claiming that the plaintiff agreed,

through her agent J. G. Snodgrass, to accept the roadster received in part payment of the sedan as security for the $600 remaining due and unpaid to the plaintiff. The cause was tried by the court with a jury and the verdict rendered in favor of the plaintiff for the full sum demanded. A judgment having been duly entered upon said verdict, the defendant appealed alleging error in the admission of certain testimony, the refusal to admit other testimony offered by the defendant, the refusal to grant defendant's motion for a nonsuit, the giving of certain instructions and the refusal to give other instructions requested by the defendant.    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Burleigh & Burleigh, Mr. F. S. Ivanhoe* and *Mr. Daniel Boyd,* with an oral argument by *Mr. Boyd.*

For respondent there was a brief over the name of *Messrs. Crawford & Eakin,* with an oral argument by *Mr. Robert S. Eakin.*

COSHOW, J.—The ruling of the court on the admissibility of the testimony is not seriously urged in this court. The ruling of the court on the admission and rejection of testimony did not constitute reversible error. No new principle is involved justifying any further enlargement in this opinion on those rulings.

1. It is contended by the appellant, who was defendant in the Circuit Court, that the instrument given to the plaintiff as security by the Inland Motor Company did not constitute a chattel mortgage; that not having been recorded it was void as to creditors; that the plaintiff having consented to the sale of the car

by the Inland Motor Company, thereby waived her lien on the proceeds of the sale.

It has been held by this court that a similar instrument constituted a valid chattel mortgage between parties thereto and creditors having knowledge thereof: *Teshner* v. *Roome,* 106 Or. 382, 387, 389 (210 Pac. 160, 212 Pac. 473). In page 392, the court, speaking through Mr. Justice McCourt, said:

"The chattel mortgages given by the firm to plaintiff were valid between the parties notwithstanding the oral understanding, whereby plaintiff allowed the firm to sell and dispose of the mortgaged property, upon condition that the firm ` should keep a strict account of sales, and promptly pay the same over to plaintiff, that condition having been observed by the parties." (Authorities cited.)

Again, in page 394, the court announces the rule as follows:

"Notwithstanding the statutory declaration last referred to, it is firmly established in this state that the title and all rights of an attaching creditor are subordinate to prior valid liens upon the attached property, of which he had actual knowledge or sufficient notice to put him upon inquiry." (Authorities cited.) *Wiggins Co.* v. *McMinnville Motor Car Co.* 111 Or. 123 (225 Pac. 314).

2–5. It is earnestly contended that the defendant did not have knowledge of the chattel mortgage held by the plaintiff against the car. This contention is based upon the well established principle of law that knowledge acquired by an officer or agent of one corporation while acting as an officer or agent of another corporation is not imputable to the first corporation. The defendant cites a long list of authorities: 4 Fletcher, Cyc. Corp., pp. 3439, 3442 and 3443, note 95; *Utah Construction Co.* v. *Western Pac. Ry. Co.,*

174 Cal. 156 (162 Pac. 631). *Oliver* v. *Grand Ronde Grain Co.,* 72 Or. 46 (142 Pac. 541), announces that rule in this state. *Farmers' Bank* v. *Saling,* 33 Or. 394, 406 (54 Pac. 190). Whether or not the defendant had notice of the plaintiff's lien on the car was a question of fact. The evidence was submitted to the jury and the jury found in favor of the plaintiff thereby precluding an inquiry by this court into the facts any further than to determine whether or not there was any material evidence to support the verdict of the jury. The evidence discloses that Wade Siler the general manager of the defendant corporation was also president of the Inland Motor Company the mortgagor. He presided at a meeting of the board of directors when the chattel mortgage was authorized. At that time the Inland Motor Company was doubtless indebted to the defendant in a large sum of money. It was the duty of the said Wade Siler to protect the defendant company by collecting the indebtedness from the Inland Motor Company. It was this Wade Siler who took the car with the consent of the plaintiff from La Grande to Wallowa for the purpose of selling the same for the benefit of the plaintiff. At the time the car was sold Wade Siler was not officially connected either with the defendant corporation or the Inland Motor Company. Wade Siler was not a witness. In the light of these circumstances there was certainly some evidence to support the verdict, but in addition to those circumstances Put Siler, who had been a salesman for the Inland Motor Company, sold the car. He received his orders with reference to the disposition of the proceeds from one Hanna, who was assistant manager of the defendant company with headquarters in Wallowa County. This evidence would tend to support the contention of

the plaintiff that the defendant was conducting the sale of the car. This evidence is strengthened by the fact that one Kennedy was at the time the general manager of both the defendant corporation and of the Inland Motor Company. In addition to this testimony, there is further testimony that one Austin described as an auditor for the party holding the controlling interest in both corporations, who had recently audited the books of both corporations, and must, therefore, have known of the mortgage in favor of the plaintiff, attempted to effect a settlement with the plaintiff through her husband J. D. Snodgrass. The said Austin directed N. E. Coulter, who had immediate charge of the affairs of the Inland Motor Company at La Grande, in negotiating for a settlement with J. G. Snodgrass, husband of plaintiff. The defendant is relying upon that alleged settlement. The defendant claims that when the $815 was paid over to the plaintiff, through her husband, he agreed to accept the Nash roadster, taken in part payment of the Nash sedan, as security for the $600 remaining unpaid on her note against the Inland Motor Company. The defendant contends that plaintiff cannot accept the benefits of that alleged agreement and reject the adverse elements thereof. The defendant attempts to rely upon that alleged agreement which it admits was made through the said Austin, but at the same time attempts to repudiate the consequences of Austin's knowledge in connection with the transactions involved in the instant case. Since the defendant is relying upon the contract alleged to have been made by Austin in its behalf with the husband of the plaintiff, it cannot be heard to deny that Austin was not its agent with reference to that matter. A principal cannot take advantage of

that part of an agent's contract which is favorable to him and repudiate the remainder: *Hillyard* v. *Hewitt*, 61 Or. 58, 62 (120 Pac. 750); *Grover* v. *Hawthorne Estate*, 62 Or. 77 (114 Pac. 472, 121 Pac. 808); *La Grande National Bank* v. *Blum*, 27 Or. 215, 217 (41 Pac. 659).

The jury would have been justified in holding that Austin acquired knowledge of the mortgage in favor of the plaintiff on the sedan car. The evidence disclosed that the execution of the mortgage was authorized at a meeting of the board of directors of the Inland Motor Company. No question is raised about the indebtedness of the Inland Motor Company to the plaintiff.

If the said Austin was the agent of the defendant for the purpose of adjusting plaintiff's claim, the knowledge of the said Austin in regard to the lien of the plaintiff could have been properly imputed to the defendant. However, all of these matters together are certainly sufficient evidence to justify submitting the question of fact here involved to the jury.

6, 7. It is further contended by the defendant that consent by a chattel mortgagee that the mortgagor may sell the mortgaged property constitutes a waiver of the lien on the proceeds rather than a transfer thereof to the proceeds, and the promise of the mortgagor to apply the proceeds of the sale on the debt is merely a personal obligation. This principle is supported by a large number of cases cited in defendant's brief, but our attention has not been directed to any case decided by this court to that effect: *Maier* v. *Freeman*, 112 Cal. 8 (44 Pac. 357, 53 Am. St. Rep. 151); *White Mountain Bank* v. *West et al., Trustees*, 46 Me. 15; *Moore* v. *Jacobucci*, 70

Colo. 171 (197 Pac. 1015); 11 C. J. 633, 634, § 347, notes 24, 26 and 28. This principle is not applicable to the facts in the instant case. Had the defendant been an entire stranger to the Inland Motor Company and in no way participated in the sale of the Nash sedan, mere knowledge of the mortgage, according to many respectable authorities, would not have prevented the defendant from retaining the proceeds of the sale if paid to it by the mortgagor. In the case at bar the two corporations, the defendant and the mortgagor, were under the same management. The officers and agents of the defendant assumed to direct the disposition of the proceeds of the sale of the mortgaged sedan. It cannot be said, therefore, that the mortgagor sold the car, received the proceeds and voluntarily delivered them in payment of its debt to the defendant. The evidence tends to show that, while the sale was actually made by a salesman previously in the employ of the Inland Motor Company, the defendant, acting through its assistant manager and in immediate charge of its affairs in Wallowa County, directed that the proceeds of the sale be delivered to the defendant. Accordingly, the check, signed and delivered by the purchaser of the car, was made payable to the defendant, not to the Inland Motor Company, and was immediately deposited in the bank to the credit of the defendant.

The defendant took advantage of its peculiar relation to the Inland Motor Company to receive and retain money which belongs in good conscience to the plaintiff. It utilized that relation to take money that the Inland Motor Company would no doubt have paid to plaintiff if its affairs had been under independent management.

It is further contended by the defendant that the husband of plaintiff, acting for her, agreed to accept the $815 and security on the Nash roadster received in part payment for the Nash sedan for $600 the balance due in settlement; that the plaintiff having accepted the $815 was bound by the contract to accept the roadster as security for the remaining $600; that by reason of this agreement by her agent the plaintiff is precluded from maintaining this action. This contention was disputed by the plaintiff. The issue thus joined presented a question of fact which having been determined by the jury in favor of the plaintiff is binding on this court. These considerations are sufficient reasons for sustaining the ruling of the court in refusing to grant a nonsuit at the conclusion of the taking of plaintiff's testimony.

It is contended that the court erred in giving certain instructions, and in refusing to give other instructions requested by the defendant. An examination and comparison of the instructions given by the court and refused to be given discloses that in the main the difference between the instructions given and those requested and refused by the defendant is this,—that the instructions requested and refused, bearing upon the question of ratification, omitted the very important element of knowledge on the part of the plaintiff in referring to the authority of plaintiff's agent in the transactions involved in the case. The court gave the two instructions requested by the defendant after incorporating in the logical and proper position this language: "With knowledge of such agreement if there was any such agreement." The instructions as given by the court properly expressed the law. The defendant complains of the following instruction:

"If you find from the evidence in this case that this contract Exhibit 'B' was executed and delivered as a chattel mortgage to secure the balance due upon this promissory note Exhibit 'A' and that the defendant Wallowa Milling & Grain Company, its officers or agents had knowledge of that fact, and afterwards the said Wallowa Milling & Grain Company received from Dr. Gregory a check for the sum of $1,500 as part payment for the sale of this Nash sedan car to him, then I instruct you that the said Wallowa Milling & Grain Company received said check and money for the use and benefit of the plaintiff to the extent of the amount remaining due and unpaid upon said promissory note Exhibit 'A.' And if you further find that there then or thereafter remained due and unpaid thereon the sum of $600, then I instruct you that plaintiff is entitled to a verdict against the defendant Wallowa Milling & Grain Company for the said sum of $600 with interest thereon at six per cent per annum from the 10th day of October, 1921. There is no question I will state under the evidence in this case but that the sum of $600 was still due and unpaid on the promissory note and if you find that the amount had not been paid under the settlement that is claimed by the defendant in this case."

8. The reasons heretofore assigned in this opinion for sustaining the court's ruling on the motion for a nonsuit are sufficient to sustain the court's instruction quoted above. Under the facts in this case the jury was properly instructed with regard to the knowledge of the defendant concerning the chattel mortgage. The instruction quoted properly states the law under the testimony adduced at the trial. It is sufficient to say as to the other instructions requested by the defendant and refused by the court that they are sufficiently covered by the instructions given, and no error was committed in refusing to give the instructions in the particular language re-

quested by the defendant. Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.                              AFFIRMED.