No. 13,407.

Prather et al. *v.* Auto Industrial Corporation.
(45 P. [2d] 628)

Decided April 22, 1935.

Mr. Isaac Mellman, for plaintiffs in error.

Mr. Louis A. Hellerstein, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiffs in error were defendants in the trial court, and defendant in error was plaintiff. Reference herein will be made to them as they so appeared.

Plaintiff brought this action in conversion against defendants for withholding possession of an automobile, and was awarded judgment for $197.50, to which defendants assign error.

The case was tried to the court upon the following stipulation of facts:

"The plaintiff is a corporation engaged in the business of dealing in and financing automobile paper in the City and County of Denver and State of Colorado, and selling cars repossessed by it; that on or about December 5, 1931, one H. B. Kyriss purchased from plaintiff a 1927 Paige Sedan it owned, and for the balance of the purchase price did execute to the order of Auto Industrial Corporation his certain note and chattel mortgage in the sum of $216.00, a copy of which mortgage and note will be offered and received as part of plaintiff's proof; that the chattel mortgage covered the automobile described therein, which mortgage was filed with the Clerk and Recorder of Arapahoe County at Littleton (in which County the mortgagor resided on December 5, 1931), under filing number 31692. The value of the aforesaid car and the balance due plaintiff is the sum of $185.00.

"It appears that on or about December 18, 1931, H. B. Kyriss called at the office of the plaintiff with one T. P. Wilcox and stated to plaintiff that he was desirous of selling the equity in the Paige car to Wilcox; that H. B. Kyriss then endorsed his title over to Wilcox, subject to plaintiff's mortgage, which the purchaser assumed and agreed to pay. That subsequently, Wilcox applied to the Recorder of Arapahoe County for a new title to the

Paige automobile and obtained the same, and as a part of his representation to obtain the title stated the Paige car was subject to the mortgage to plaintiff herein. There is attached hereto the certificates of title showing these transfers and these facts. Plaintiff consented to the transfer as above set out, took no new mortgage from Wilcox, but merely had him endorse the note of H. B. Kyriss.

"The facts are that the defendant Prather, an Osteopath and a resident of Arapahoe County, brought a suit on March 18, 1932, in County Court of Arapahoe County as aforementioned against T. P. Wilcox, and Ollie Wilcox, his wife, and attached the automobile described in plaintiff's mortgage, for the balance due him for professional services rendered the Wilcox family from October 1, 1930, to December 1, 1931; that judgment was entered, on April 21, 1932, for $514.85 in favor of the said Prather against the Wilcoxs, the attachment was sustained and the automobile ordered sold to satisfy the judgment; that John M. Haynes handled the attachment and sold the car as Sheriff of Arapahoe County; that the car was sold by the defendants on October 15, 1932, for $40.00 at Sheriff's Sale, the same being bid in by defendant Prather.

"On March 19, 1932, the day following the attachment of the car, plaintiff learned of this fact and immediately advised the defendants of its mortgage and demanded that the defendants release the car to it or be liable in conversion. The defendants declined to release the car and instead claimed a priority by reason of the attachment writ. Plaintiff stood on its rights, took no action in the attachment suit, and instead brought this suit in conversion."

The attached exhibits, as abstracted, are as follows:

"Exhibit A. Chattel Mortgage, in usual form, dated December 5, 1931, and acknowledged December 7, 1931, signed by H. B. Kyriss as mortgagor payable to Auto Industrial Corporation, as mortgagee, for the principal

sum of $216.00, covering one used Paige, 1927 Sedan, Model 675, Manufacturer's No. 406646, Motor No. 430222, payable $8.00 every two weeks beginning Saturday, December 19, 1931. To this mortgage there is attached the certificate of the Recorder of Arapahoe County showing that it was filed in that county on December 8, 1931, under filing number 31692.

"Exhibit B. Promissory note dated December 5, 1931, for the principal sum of $216.00, signed by H. B. Kyriss and payable to Auto Industrial Corporation, and payable $8.00 every two weeks beginning Saturday, December 19, 1931. This note is endorsed on the reverse side by Dr. Thomas P. Wilcox.

"Exhibit C. Certified copies of Certificate of Title, and Transfer of Title and Duplicate Certificate of Title of Paige Sedan, Motor No. 430222, certified to by the Secretary of State of Colorado.

"Page One. Certificate of Title of Harry B. Kyriss to Paige Sedan dated at Littleton, Colorado, December 9, 1931, subject to a Chattel mortgage, in favor of the Auto Industrial Corporation of Denver, dated December 5, 1931, in the sum of $216.00. Title issued in Arapahoe County.

"Page Two. Transfer of Title dated and acknowledged December 14, 1931, from Harry B. Kyriss to Dr. Thomas P. Wilcox of 3826 So. Lincoln Street, Englewood, Colorado, of the Paige Sedan, subject to a chattel mortgage dated December 5, 1931, to the Auto Industrial Corporation in the sum of $216.00. Title issued in Arapahoe County.

"Page Three. Certificate of Title of Dr. Thomas P. Wilcox of 3826 So. Lincoln, Englewood, for Paige Sedan, dated December 18, 1931, which car was purchased from Harry B. Kyriss on December 14, 1931, and is subject to a chattel mortgage, dated December 5, 1931, in favor of the Auto Industrial Corporation of Denver, in the sum of $216.00. Title issued in Arapahoe County."

Defendants claim that plaintiff's right to the car,

under its mortgage, is inferior to their attachment lien, made so by the consent of plaintiff to the sale by Kyriss to Wilcox; that plaintiff, by consenting to the sale by the mortgagor, waived the lien of its mortgage; that plaintiff should have taken a new mortgage when the sale was made.

Plaintiff insists that a mortgagee does not waive the lien of his mortgage, by consenting to the sale of the equity in a car to a purchaser who assumes and agrees to pay the mortgage; that the attachment creditor could attach only the equity the judgment debtor had in the car, and no more; that as between the holder of a purchase money mortgage, and an attaching creditor, who parted with no consideration, and did not become a creditor by relying upon the debtor's ownership of the property, the equities are in favor of the mortgagee.

We think the facts of the instant case, distinguish it from the Colorado cases cited, and leave the rule that defendants' counsel says has been announced in this state, inapplicable. He states the rule to be, that consent by the mortgagee to the sale of the mortgaged property is a waiver of the lien of the mortgage, and in support thereof cites *Moore v. Jacobucci,* 70 Colo. 171, 197 Pac. 1015; *Anglo-American Co. v. Bank,* 76 Colo. 57, 230 Pac. 118; *Brown v. Driverless Car Co.,* 86 Colo. 216, 280 Pac. 488. He further relies on section 5083, C. L. 1921, which is: "Except as hereinafter provided, no mortgage of personal property shall be valid against the rights and interests of any third person or persons unless possession of such property be delivered to and remain with the mortgagee, or the mortgage be acknowledged and certified, and filed or recorded as provided in this act." Also Session Laws 1927, p. 255, chapter 76: "Any chattel mortgage acknowledged and certified as provided in Section 2 of this Act, may be filed in the office of the Clerk and Recorder of the county in which the mortgaged property is situated, or, at the option of the mortgagee, may be recorded at length in public records of said county

and thereupon, whether filed or recorded, if bona fide, shall be good and valid from the time of such filing or recording until the maturity of the last installment of the mortgage indebtedness notwithstanding the mortgaged property remains in the possession of the mortgagor pursuant to provision therefor in the mortgage * * * .''

The judgment debtor, Wilcox bought the equity of the mortgagor, expressly subject to the mortgage. Plaintiff, the mortgagee, consented to this sale when Wilcox assumed and agreed to pay the note secured by the mortgage. The mortgage was of record in the proper county, which county was the residence of all parties, except the plaintiff, including the judgment creditor. The judgment creditor in this case extended no credit on the strength of Wilcox's ownership of the car. His account accrued even before the making of the mortgage and original sale, and the credit was extended to Wilcox on his then ostensible means of paying. The only loss he could sustain was the loss of an opportunity to gain. He is not an innocent purchaser for value, nor a creditor deceived into extending credit. He can take no more than Wilcox had, an equity.

A valid chattel mortgage, as this is conceded to be, is a lien on the property, and not a restraint on ownership. Recording is notice to all the world of the existence of the lien on the particular property. The statute above quoted, chapter 76, S. L. 1927, in no way contemplates the limitation, to creditors only of the mortgagor. The lien is valid ''against the rights and interest of any third person.''

Defendants seem to place their greatest reliance upon the claim of waiver of the lien by the mortgagee, the plaintiff, and that the sale, in this case, subject to the mortgage, created a secret lien. We fail to see the force of this argument. The sale was only of an equity, and purchaser assumed and agreed to pay the encumbrance. Plaintiff at all times relied on its security. The

lien already existed. The recording of the mortgage advised the world of any secret that might be claimed, and even gave notice to the defendants, who were residents of Arapahoe county, and that notice stood of record on the attachment date. In addition to all this, the transfers of title were made in compliance with the Motor Vehicle Act, Session Laws 1927, page 521, requiring the registration of titles and giving of information concerning mortgages and encumbrances, as is evidenced by "Exhibit C." This is not reconcilable with defendant's charge of a secret lien. That the lien continue as a valid obligation was the condition of the sale to which consent was given. Such a sale, with consent of mortgagee, does not operate as a waiver of the lien of the mortgage. *Clatworthy v. Ferguson,* 72 Colo. 259, 210 Pac. 693.

Judgment affirmed.

MR. JUSTICE BOUCK dissents.