[No. 7219.]

## Clarke v. Asher.

Judgment—*Collateral Attack—Injunction to Stay Execution*— A bill to stay execution of a judgment at law is a collateral attack of the judgment. When the court in which the judgment was given had jurisdiction of the subject matter, and of the person of the defendant, such judgment, not having been reversed or annulled, is not open to collateral attack in any form of proceeding.

The rule is the same even though the complaint upon which the judgment was rendered, fails to state a cause of action.

*Error to La Plata District Court.*—Hon. Charles A. Pike, Judge.

Messrs. Russell & Reese, for plaintiff in error.

Mr. O. S. Galbreath, for defendant in error.

Defendant in error commenced suit against the plaintiff in error in his official capacity, the sole purpose of which was to enjoin him from levying an execution on property of the

defendant issued on a judgment rendered by the county court of Hinsdale county in an action wherein the treasurer of that county was plaintiff, and the plaintiff in the present action the defendant. The complaint averred, so far as material to notice in considering the one question we shall determine, that the action instituted by the treasurer of Hinsdale county was to obtain judgment against the present plaintiff, for taxes levied against him for the years 1902 and 1903, on personal property alleged to belong to the plaintiff; that he had no personal property in that county for either of these years; that the amount of such taxes for the year 1902 was a little over one hundred dollars, for 1903 something like twenty dollars, and that in the complaint in that action it was alleged that the taxes levied were upon personal property of the defendant situated in Hinsdale county, on the first day of May for each of the years named. The complaint further charges that summons in this action was issued and served upon defendant and judgment rendered against him by default. The execution sought to be restrained was issued on this judgment. To this complaint the defendant filed a general and special demurrer, which was overruled, and, as he elected to stand thereon, judgment was rendered in favor of the plaintiff, perpetually enjoining him from making any levy under the execution in his hands. To review this judgment, the defendant brings the case here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The attack made upon the judgment of the county court of Hinsdale county is collateral. Where the court has jurisdiction of the parties and the subject matter in a case, its judgment, unless reversed or annulled in some proper proceeding, is not open to attack or impeachment in any collateral action or proceeding whatever. *Trowbridge v. Allen,* 48 Colo. 419 (421). From the averments of the complaint it appears without question that the county court of Hinsdale county had jurisdiction of the subject matter of the action instituted by

the treasurer of Hinsdale county against the plaintiff in the case at bar, and also jurisdiction of his person.   Counsel for plaintiff asserts that, in as much as the complaint in the suit instituted in Hinsdale county alleged that for the respective years of 1902 and 1903, the plaintiff, on the first day of May of each of these years, was the owner of certain personal property situated within the county of Hinsdale subject to assessment, that the judgment rendered on this complaint is void, for the reason that under the law in force at that time the owner of personal property could only be assessed for property of that character which he had on hand on the first day of April of each year.   This proposition raises the question of the sufficiency of the complaint only.   A judgment is not void because of the failure of the complaint upon which it is based to state a cause of action.—*Camplin v. Jackson,* 34 Colo. 447 (452); *Venner v. Denver Union Water Co.,* 40 Colo. 212 (233); *Steinhauer v. Colmar,* 11 Colo. App. 494.

It may be that the complaint in the action brought by the treasurer did not state a cause of action, but the question, under the facts of this case, could only be raised by the defendant therein, the plaintiff in the case here under consideration, by a direct attack.   The attack made is collateral.

The judgment of the district court is reversed and the cause remanded for further proceedings in harmony with the views expressed herein.               *Reversed and Remanded*

Mr. Justice Musser and Mr. Justice Hill concur.