## No. 8832.

## STOKES ET AL. v. KINGSBURY.

JUDGMENT—*Collateral Attack.* The judgment of a court having jurisdiction both of the subject matter and the person of the defendant is not open to collateral attack for mere error or irregularity, but only upon a showing that it is void, i. e., an absolute nullity.

Bill to enjoin execution of a judgment rendered in an action in which the defendant was served with process, and appeared. Decree for plaintiff therein. Decree reversed, and cause remanded with instructions to dismiss.

*Error to Garfield District Court, Hon. John T. Shumate, Judge.*

Messrs. STOKES & SHERMAN and Mr. C. W. DARROW, for plaintiffs in error.

Mr. J. W. DOLLISON and Mr. E. C. KINGSBURY, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

Plaintiffs in error, defendants below, bring this cause here for review on error from the District Court of Garfield County. Defendant in error, plaintiff below, instituted proceedings therein to restrain collection of a judgment rendered against her in the District Court of the City and County of Denver, in favor of Charles A. Stokes and Jesse H. Sherman, two of the plaintiffs in error. Jessup, as sheriff of Garfield County, made a levy upon certain lands of defendant in error, and in that capacity was one of the defendants below and plaintiffs in error here. The complaint as originally filed alleged among other things, lack of service of summons in the original action, and attacked the judgment upon grounds going to the merits of the case. On plaintiff's own motion this complaint was amended, and the allegation of lack of proper service withdrawn. Defendants answering, set up, among other things, the plea of a valid judgment, in effect a plea of *res adjudicata.* Upon

preliminary hearing a temporary order was granted, restraining defendants below from proceeding with the execution and sale. After what was to all intents and purposes a trial *de novo* of the issues which were, or might have been, adjudicated in the action in which the judgment in question was rendered, a special verdict was returned, and approved with slight modification by the court, the restraining order was made permanent, and defendant's enjoined from attempting to enforce the lien of the judgment, which lien. was set aside and held for naught, with damages to plaintiff in the sum of $250.00.

The record here plainly shows that the judgment of the District Court in and for the City and County of Denver, upon which execution issued, which was enjoined, was valid and enforceable, that personal service was had on defendant, and that an answer was filed by her attorney, although judgment was later entered without contest. The record is fair on its face, and the jurisdiction of the court undenied, and the judgment, therefore, not open to collateral attack. That the attack was collateral is established by the great weight of authority, including our own decisions. Black on Judgments, sec. 253, speaking to this point, says:

"A bill in equity seeking to enjoin the enforcement of a judgment at law, by execution or otherwise, constitutes a collateral attack upon the judgment, and cannot be maintained on account of mere errors or irregularities, but only on a showing that the judgment is void."

This rule is laid down in *Harter v. Shull,* 17 Colo., App., at page 166, 76 Pac. 912, and is approved in *Cochrane v. Parker,* 12 Colo., App. 169, 54 Pac. 1027:

"A collateral attack on a judgment is in its general sense any proceeding which is not instituted for the express purpose of annulling, correcting or modifying such decree. The fact that the parties are the same, and that the defendants seek to attack the decree by allegations in their answer, cannot change the rule, or make the attack any the less a collateral one. It is well settled that the judgments of a court of competent jurisdiction are not subject to collateral

attack, unless they are void, and by void is meant that they are an absolute nullity."

It is established law here that where the court has jurisdiction of the parties and the subject matter in a particular case, its judgment, until reversed or annulled in some direct proceeding, is not open to attack by parties or privies in any collateral action or proceeding whatsoever. *Trowbridge v. Allen,* 48 Colo. 419, 110 Pac. 193. In *Clark v. Asher,* 53 Colo. 313, 125 Pac. 538, suit was brought in the District Court of La Plata County to enjoin the levy of an execution on a judgment rendered by the County Court of Hinsdale County, wherein plaintiff in the injunction proceeding was defendant, and defendant therein was plaintiff, as in the case at bar. Injunction was asked on the ground that the judgment was void, in that the complaint in the action in which it was rendered failed to state a cause of action. The court quoted *Trowbridge v. Allen, supra,* with approval, and held that the attack upon the judgment was collateral, and without effect to enjoin the execution. The opinion in *Clarke v. Asher, supra,* must rule this case, as in principle it determines precisely the same questions which are involved and for determination in the case before us.

The defense pleaded by the defendants below was a final judgment of a tribunal having jurisdiction both of the subject matter and the person, and, even though erroneous, is conclusive upon collateral attack. *Austin v. King,* 25 Colo. App. 363, 138 Pac. 57, and the District Court of Garfield County should have dismissed the action.

The judgment was rendered in December, 1912. A transcript thereof was filed in Garfield County during the same month, and defendant in error was, therefore, bound to know that there was a judgment lien upon her lands. It is not necessary, however, to rely upon the constructive notice of the filing of the transcript to charge her with full knowledge of all the proceedings prior to the entry of the judgment which she assails. The record shows that she was represented by an attorney, who filed an answer for her, under which every defense and objection urged in the

instant case against the judgment in the District Court of the City and County of Denver might properly have been there presented and urged. It is claimed that no defense was made at that time for the reason that defendants below agreed with her not to proceed with the action, and that she relied thereon. It conclusively appears, however, that defendants wrote and mailed her a letter, in which it was stated that if she did not deliver to them certain collateral, as security for the payment of the debt upon which the judgment is based, they would go forward with the action. She denies the receipt of this letter. Her attorney, however, received written notice of the setting of the case for trial, and she herself admits receiving other communications from defendants, wherein their proposed action in going forward with the suit in the Denver District Court, in the event that she refused to deposit the collateral, was reiterated. It is worthy of note, also, that at the hearing upon which the temporary injunction was granted, she denied having any attorney when the judgment was secured, and denied any knowledge of the answer which was filed for her, or that she authorized the filing of any answer. Later, however, she admitted that the attorney who appeared for her in the Denver suit was authorized to do so, and on the trial at which the restraining order was made permanent, the attorney who filed the answer was present to testify, and she objected to his testimony, and to the admission of a certain letter she had written to him in reference to the judgment, on the ground that these matters were privileged, as communications between attorney and client. Upon the whole record, her claim that she was not aware that the action was pending, or of the judgment rendered, or of the facts and circumstances of the case from beginning to end, is so contrary to that which the documentary and record evidence shows, that, even if her contentions could properly have been heard by the Garfield County District Court at all, they are unworthy of serious consideration.

Under the law she is charged with knowledge of the judgment, yet she took no steps to reverse, impeach, annul, or

set it aside, either by writ of error, other direct attack, or at all.   In *McGoon v. Scales,* 9 Wall. 23, 19 L. Ed. 545, the Supreme Court of the United States has this to say:

"The doctrine of this court, and of all the courts of this country, is firmly established, that if the court in which the proceedings took place had jurisdiction to render the judgment which it did, no error in its proceedings which did not affect the jurisdiction will be considered when the judgment is brought collaterally into question."

Black on Judgments, after quoting the above opinion, at sec. 245, continues as follows:

"This principle is not merely an arbitrary rule of law established in the courts, but it is a doctrine which is founded upon reason and the soundest principles of public policy.   'It is one,' says the court in Virginia, 'which has been adopted in the interests of the peace of society and the permanent security of titles.   If, after the rendition of a judgment by a court of competent jurisdiction, and after a period has elapsed when it becomes irreversible for error, another court may in another suit inquire into the irregularities or errors in such judgment, there would be no end to litigation, and no fixed established rights.   A judgment, though unreversed and irreversible, would no longer be a final adjudication of the rights of litigants, but the starting point from which new litigation would spring up; acts of limitation would become useless and nugatory; purchasers on the faith of judicial process would find no protection; every right established by a judgment would be insecure and uncertain; and a cloud would rest upon every title.' * * * The rule against collateral impeachment applies to every judgment, order, decree or judicial proceeding, of whatsoever species, that is not absolutely void.   If the judgment is void on its face, it is of course a mere nullity and is of no avail for any purpose, and this may be urged against it whenever it is brought into question.   But otherwise, whether it be regular or irregular, correct or erroneous, valid or voidable, it is not subject to collateral attack."

The judgment of the trial court will be reversed, and the cause remanded with instructions to dismiss it.

Judgment reversed and remanded, with instructions.

Mr. Chief Justice White and Mr. Justice Allen concur.