No. 10,535.

LIDDLE v. HERNANDEZ.

Decided February 5, 1923.

Proceeding involving the rights of chattel mortgage and execution lien claimants to proceeds from mortgaged crops. Judgment for execution lien claimant.

*Reversed.*

*On Application for Supersedeas.*

1. ASSIGNMENT—*Chattel Mortgage—Proceeds from Mortgaged Crops.*
   Where it is agreed between the mortgagor and mortgagee of a sugar beet crop, that the former is to raise, harvest and sell the beets, out of the proceeds of which the mortgage notes are to be paid, the transaction amounts to an equitable assignment

of so much of the proceeds as would be necessary to pay the notes.

2.    *Garnishment of Assigned Fund.* An equitable assignment is sufficient to defeat subsequent garnishment of the same fund.

*Error to the District Court of Sedgwick County, Hon. H. E. Munson, Judge.*

Mr. T. E. MUNSON, for plaintiff in error.

Messrs. POUND & MARSHALL, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THE defendant in error, Otitio Hernandez, obtained, in the county court of Sedgwick county, a judgment against Foreman & Sons, a partnership, for the sum of $978.50 and costs. Execution was issued and returned unsatisfied. A writ of garnishment was thereafter issued against The Great Western Sugar Company. This writ or summons was duly answered by the sugar company. The answer alleged, among other things, that the company has a grower's contract with Foreman & Sons for the growing of sugar beets during the season of 1921, and that there is due under the contract for beets delivered in November, 1921, the sum of $1,240.37. The answer names one T. R. Liddle, and the above named Otitio Hernandez, as claimants of some interest in the beets or proceeds therefrom. The company, on order of the court and at its own request, paid the money into court. The above named T. R. Liddle, in answer to a citation, filed an interplea, claiming the whole of the fund by virtue of being the holder of promissory notes, secured by a chattel mortgage upon the beets mentioned in the company's answer.

Hernandez and Liddle stipulated that the case may be transferred to the district court of Sedgwick county. The district court, upon the trial of the issues relevant to the rights of Hernandez and Liddle, respectively, to the money

in question, found in favor of Hernandez and rendered judgment accordingly. Liddle, whose claim was denied priority, brings the cause here for review and the same is now before us on his application for a supersedeas.

The plaintiff in error contends that the decision of this court in *Clatworthy v. Ferguson,* 72 Colo. 259, 210 Pac. 693, is decisive of the instant case. The plaintiff in error occupies the same position in this case as did the chattel mortgage holder in the Clatworthy case, but the defendant in error occupies a somewhat different position than did the other claimant in that case.

Foreman & Sons were the growers of the beets. On July 25, 1921 they executed a chattel mortgage in favor of a bank, to secure the payment of two promissory notes, aggregating $5,870.00, due on or before January 1, 1922. T. R. Liddle became the assignee of this mortgage, and is hereinafter referred to as the mortgagee.

Foreman & Sons began delivering beets to the sugar company in October, 1921. Some time prior to the institution of these proceedings in interpleader, the company issued a check for approximately $4,600.00, in payment for beets delivered. Before such time, Liddle had notified the company that he held a mortgage on the beets and requested the company to put his name on the checks issued for the beets.

It seems to be assumed on both sides that the custom of the sugar company in reference to the manner of paying for beets delivered to it, was the same here as in the Clatworthy case. The company issued checks payable to all parties claiming an interest in the beets or in the proceeds thereof, so far as the company was advised. The first check, above mentioned, was made payable jointly to Foreman & Sons and T. R. Liddle. Foreman & Sons indorsed the check, and allowed Liddle to take possession of all the money coming from the cashing of the check. They understood and agreed that Liddle would apply the money in payment of the notes secured by the chattel mortgage. They acquiesced in the practice of the sugar company of

putting the name of the mortgagee on the check as one of the payees. The evidence also shows that it was agreed between Liddle and Foreman & Sons that the latter were to raise, harvest and sell the beets, and that the notes and mortgage were to be paid out of the proceeds of the beets. The conduct of the parties amounted to an equitable assignment by Foreman & Sons of so much of the proceeds as would be necessary to pay off the notes secured by the chattel mortgage on the beets. *Clatworthy v. Ferguson, supra.*

The first check was not sufficient to pay off the notes, and consequently the equitable assignment operated on the moneys to be thereafter due for beets, and that includes the moneys involved in this action. Foreman & Sons did not expect to receive a check for this latter sum payable to themselves only, but they, Liddle and the sugar company expected and intended that the usual custom would be followed, that is, that the mortgagee's name would be included as payee in the check. Such custom would have been followed, and check issued and cashed accordingly, had not the plaintiff garnisheed the fund while it was still in the hands of the sugar company.

The result of the decision in the Clatworthy case when applied to the instant case, so far as it is applicable, is that Liddle had an equitable lien on the proceeds of the beets as against Foreman & Sons, the mortgagors, or that there was an equitable assignment of the fund from the mortgagors to Liddle. If the assignment does not relate back to the time of the execution of the chattel mortgage, which was July 25, 1921, then it occurred when the beets were delivered with the understanding that the check therefor would be issued by the sugar company, indorsed by Foreman & Sons, and turned over to Liddle to be applied in payment of the notes. This happened in November, 1921, at least not later than any time in December, 1921.

Hernandez did not obtain his judgment against Foreman & Sons until January, 1922. The garnishment proceedings were still later, and if the garnishment is entitled to the

same priority as the judgment, a point which we do not decide, then in point of time it is still later than the equitable assignment.

The question remains whether an equitable assignment defeats a subsequent garnishment. In 28 C. J. 107, it is said: "An equitable assignment is sufficient to defeat subsequent garnishment of the same fund or claim." The text cites, among other cases, *Chamberlin v. Gilman,* 10 Colo. 94, 14 Pac. 107, which recognizes and applies the rule above stated. The rule is controlling here.

Our conclusion, both in the matter of the equitable assignment and its priority over a subsequent garnishment, is supported by the case of *McIntyre v. Hauser,* 131 Cal. 11, 63 Pac. 69. There, as here, the plaintiff was a judgment creditor of the owner of the property, and garnisheed the money in the hands of the purchaser. The owner of the property, which was subject to the lien of a chattel mortgage, sold the same with an understanding had with the mortgagees that the money should be paid by the purchasers to them, the mortgagees. It was held that the judgment creditor was not entitled to the purchase money because prior to the garnishment there had been an equitable assignment of the debtor's money to the mortgagees. That is the situation here. We do not here, neither did the McIntyre case, decide that the mortgagee was entitled to the money on the theory that the lien of the mortgage followed the proceeds. The court there said its decision was not opposed to *Maier v. Freeman,* 112 Cal. 8, 44 Pac. 357, 53 Am. St. Rep. 151, and we can say that our decision now is not opposed to *Moore v. Jacobucci,* 70 Colo. 171, 197 Pac. 1015, for that case cites, follows and is largely based on the Maier case.

The garnishment in the instant case reached whatever Foreman & Sons owned in and of the fund in question, but since they had already, prior to the garnishment and prior to the time the garnishor obtained his judgment against them, made an equitable assignment to the holder of the chattel mortgage, to the extent necessary to satisfy such

mortgage, the garnishment cannot reach the fund so assigned. The assignment, in this case, had priority over the garnishment.

The judgment is reversed and the cause remanded with directions to enter judgment in conformity to the views herein expressed.

MR. JUSTICE DENISON not participating.