## No. 11,355.

### BRUG *v.* HERBST, et al.

Decided October 5, 1925.

Action involving application of proceeds from a sugar beet crop. Judgment for assignees as against mortgagee.

### *Reversed.*

### *On Application for Supersedeas.*

1. LIENS—*Chattel Mortgage—Creditors.* General creditors of a mortgagor are not "creditors or third persons" as that phrase is used in the chattel mortgage act in the sense of being lienors or purchasers in good faith.

2. ASSIGNMENT—*Chattel Mortgage.* A chattel mortgage given by a beet grower on a crop of beets, of which the interested parties had notice, constituted an equitable assignment of the fund due the grower from the purchaser of the crop.

3. LIENS—*Chattel Mortgage—Application of Fund.* Where one gave a mortgage on a crop of beets, application of a part of the fund derived from the sale of the crop to the payment of other debts of the mortgagor with the consent of the mortgagee, did not impair the latter's lien on the balance, as against a subsequent assignment by mortgagor to general creditors.

*Error to the District Court of Weld County, Hon. Claude C. Coffin, Judge.*

Mr. WILLIAM R. KELLY, for plaintiff in error.

Mr. WALTER E. BLISS, Mr. HARRY N. HAYNES, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error Fred Brug and defendant in error

Henry Herbst are hereinafter referred to as "Brug" and "Herbst" respectively, defendant in error the state bank commissioner as "the bank" and defendant in error the Great Western Sugar Company as "the Sugar Company."

This was an action in interpleader brought by the Sugar Company. It admitted owing $477.29 to some one for beets grown by Anna Lebsock and delivered to it. Brug claimed $314.50, plus interest and attorney's fees, as against the bank and Herbst. The bank claimed $225.00 and attorney's fees, and Herbst, admitting the priority of the bank's claim, demanded the balance as against Brug. Trial was to the court without a jury and findings were for the bank and Herbst. Judgment was entered accordingly and to review that judgment Brug prosecutes this writ, asks that it be made a supersedeas, and that final judgment be entered herein on this application.

In the spring of 1924, Lebsock contracted with the Sugar Company to grow the beets in question. June 30 following she gave Brug a note for $2000, due December 15, 1924, secured by mortgage on said beets. October 21, 1924, she gave the bank a note for $314.50 due December 1, 1924, and secured by a second mortgage on the same crop. The last of the beets were harvested and delivered to the Sugar Company November 11. On November 15, Brug received from the Sugar Company on account of these beets $1623.80, out of which he paid Lebsock $50.00 in cash and discharged a debt of $495.90 for their harvesting. On December 12, Brug paid Lebsock an additional $50.00 in cash. On December 15, Brug received from the Sugar Company an additional payment of $809.69, and December 22, a further payment of $477.29. On the last mentioned date Brug bought the $314.50 note and mortgage from the bank, and five days thereafter he paid, out of the proceeds of the beets, Lebsock's grocery bill of $254.69. All these payments made by Brug were by agreement with Lebsock. February 14, 1925, Lebsock assigned to the bank $225.00 of the balance due from the Sugar Company on her contract, and by the same instrument assigned the remainder

of that balance to Herbst. March 21, 1925, there fell due from the Sugar Company on the said beet contract the balance of $477.29 here in dispute. This sum the bank and Herbst claim under their assignment from Lebsock, denying the right of Brug to any portion of the proceeds of the beets over and above the sum required to discharge his two mortgages, or at least over that sum plus the harvesting account. Brug contends that as the bank and Herbst were general creditors only and had no lien on the proceeds of the beets prior to the assignment of February 14, 1925, Lebsock meanwhile had a right to direct such application of said proceeds as she saw fit, and the discharge, out of said proceeds, of other debts in no way affected Brug's lien thereon for the amount secured by his mortgages.

Up to February 14, 1925, the bank and Herbst were general creditors and not "creditors or third persons" in the sense of being lienors or purchasers in good faith. *Bogdon v. Fort,* 75 Colo. 231, 235, 225 Pac. 247. All these parties had actual knowledge of the contract between Lebsock and the Sugar Company and the custom of the latter in making payments, i. e., by check bearing the names of all claimants. Brug's two mortgages were then equitable assignments. *Clatworthy v. Ferguson,* 72 Colo. 259, 210 Pac. 693; *Liddle v. Hernandez,* 72 Colo. 585, 212 Pac. 821.

As against the bank and Herbst, Lebsock could make any bona fide application of the proceeds of the beets satisfactory to Brug, and the latter had the same right, with Lebsock's consent, as to such proceeds coming into his hands. His application of a portion thereof to other debts of Lebsock, at her request or with her consent, left his lien on the remainder unimpaired as between him and Lebsock. Hence when the bank and Herbst took their assignment of the balance due (a mere chose in action) from Lebsock, they took only such interest therein as Lebsock had. That balance in the hands of Lebsock was at that time still charged with the unpaid lien of Brug

and so charged, the bank and Herbst took it. We see no escape from this conclusion.

The judgment is therefore reversed and the cause remanded with directions to enter judgment accordingly.

MR. JUSTICE SHEAFOR not participating.