531 P.2d 527

**ANDREW BROWN COMPANY, Appellant,**

v.

**PAINTERS WAREHOUSE, INC., Donald Harlan MacAfee and Marian B. Mac-Afee, his wife, Appellees.**

No. 11678.

Supreme Court of Arizona,
In Division.

Feb. 6, 1975.

Rehearing Denied March 4, 1975.

Allen, McClennen & Fels by John V. Fels and Robert H. Allen, Phoenix, for appellant.

Kleinman, Carroll & Kleinman by James W. Carroll, Jr., Phoenix, for appellees.

HAYS, Justice.

Andrew Brown Company brought suit against Painters Warehouse (Painters) and Donald H. MacAfee and his wife on a $6,000 promissory note. The MacAfees had signed an endorsement of the Painters note. In connection with the suit, plaintiff sought the garnishment of two debtors of Painters, the Valley National Bank and National Retailers Corporation of Arizona. Pursuant to A.R.S. § 12–1571, plaintiff, by its attorneys, swore out an affidavit that the debt due was unpaid, that the defendants did not have property in the state sufficient to satisfy the debt, and that the garnishment was not intended to injure either the defendants or the garnishees. Based upon these affidavits, writs of garnishment were issued.* Valley National Bank answered that it was indebted to the defendants for $129. National Retailers answered that it was indebted to Painters for $9,973.88.

Defendants moved to quash the writs of garnishment. The trial court granted the motion but was reversed by the Court of Appeals. Andrew Brown Co. v. Painters Warehouse, Inc., 11 Ariz.App. 571, 466 P.

---

* We note that since this case was submitted, the United States Supreme Court decided the case of North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). The issues raised in that case were not presented to us for consideration by the instant case. Consequently, the decision of the United States Supreme Court has no applicability here.

2d 790 (1970). Defendants amended a prior counterclaim which then included breach of warranty as its first claim, breach of an exclusive distributorship agreement as its second claim, and wrongful garnishment as its third claim. The first was dismissed prior to trial and the second also was dismissed just before the case was given to the jury.

Verdicts were reached by the jury on the remaining claims of plaintiff and defendants and the trial court entered judgment as follows: (1) on the complaint, for plaintiff and against all three defendants in the amount of $4,232.55; (2) on the counterclaim, for the MacAfees and against plaintiff in the amounts of $100 compensatory and $500 punitive damages; (3) on the counterclaim, for Painters and against plaintiff in the amounts of $27,500 compensatory and $25,000 punitive damages; (4) on the counterclaim for all three counterclaimants against counterdefendant United Pacific Insurance Company, the surety on the garnishment bond, in the amount of the garnishment bond, $8,000.

Plaintiff has appealed from the judgment in favor of Painters against plaintiff, from the judgment in favor of all three counterclaimants against the surety, and from the order denying its motion for new trial and its motion to alter or to amend judgment.

Jurisdiction of this case was taken by the Supreme Court pursuant to Arizona Podiatry Ass'n v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108 (1966).

Appellant raises a number of questions for review. (1) Assuming that the prejudgment garnishment against Painters was otherwise justified by insufficient assets of Painters Warehouse, was it made wrongful by the existence of a solvent endorser of the obligation, the MacAfees? (2) Did the trial court err in instructing the jury that as a condition precedent to a garnishment on money, one must first determine whether there was real property that could be attached? (3) Did the trial court err in instructing the jury that the ganishment upon National Retailers had the effect of "freezing" those funds without explaining that the amount garnished in excess of the plaintiff's claim could be released by order of the court? (4) Did the refusal of the trial court to give requested instructions with respect to lost profits and in not granting a new trial after the admission of testimony with respect to lost profits on a claim thereafter dismissed result in an excessive award of damages? (5) Were the damages so excessive, speculative and conjectural as to necessitate the granting of a new trial?

The garnishment procedure is strictly a statutory one, unknown at common law. State v. Allred, 102 Ariz. 102, 425 P.2d 572 (1967). The Arizona statutory scheme, adopted from Texas, provides that before a writ of garnishment is issued, an affidavit must be filed by plaintiff that defendant has insufficient property within the state to satisfy the debt. A.R.S. § 12–1571. If that is not correct, then the resulting garnishment is wrongful.

The amount and type of property actually owned by the defendant at the time that the writ issues is material on the question of whether or not the affiant knew or had reason to know that the defendant owned property in the state subject to execution sufficient to satisfy the debt; the jury is not required to believe the affidavit. Commonwealth of Massachusetts v. Davis, 160 S.W.2d 543 (Tex. Civ.App.1942), rev'd on other grounds, 140 Tex. 398, 168 S.W.2d 216 (1942), cert. denied, 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1943). The fact that the affiant may have believed that no such property existed does not control the question if the writ was issued without reasonable inquiry being made or without probable cause and "in a spirit of indifference" as to whether injury would result or not. Commonwealth of Mass. v. Davis, *supra*.

Painters gave Andrew Brown a corporate promissory note for $6,000. Donald MacAfee signed an endorsement

on the note in which he guaranteed to pay the note, waived the right to require the holder to proceed against the maker, and agreed that the holder could proceed against him directly and independently of the maker. He thus became jointly and severally liable for the note. Appellant has conceded that the garnishment as to the MacAfees was wrongful and does not appeal from that portion of the judgment. Andrew Brown does contend, however, that the garnishment issued against Painters was proper and was not made wrongful because the endorsers of the note, the MacAfees, were solvent. We disagree.

"It is not without good reason that the statute has provided that, before strangers to the debt or judgment can be brought into court and subjected to inconveniences and hazards of payment, it shall appear in the affidavit for garnishment that none of the defendants jointly and severally liable for the debt sued for shall have any property within the state subject to execution sufficient to satisfy the debt. If any one of the defendants liable jointly or severally for the debt had sufficient property that could be reached by execution, the plaintiff could collect his debt, and calling strangers into the suit would be unnecessary to the collection of the original debt. But, if none of the defendants have property, it then becomes necessary to allow the plaintiff the remedy of garnishment, though it be to the great inconvenience of strangers to the original suit. It is when the debt cannot be fully collected by execution against the property of those liable, either jointly or severally, and proceeding against garnishees is thereby made necessary to the collection of the plaintiff's debts, that the statute intends the writ to issue." Smith v. City National Bank, 140 S.W. 1145, 1146 (Tex.Civ.App.1911), writ denied, cited in Mackey v. Lucey Products Corp., 150 Tex. 188, 239 S.W.2d 607, 608 (1951).

We therefore hold that the garnishment was wrongful as to Painters because other parties to the note, the MacAfees, were solvent. We emphasize that although appellants have characterized the MacAfees as guarantors, their endorsement on the note as being jointly and severally liable indicates more than a guarantor relationship.

There was no error in the trial court's *sua sponte* instruction to the jury that as a condition precedent to a garnishment of money, one must first determine if there was real property to be attached, since real property was the only property considered by the parties as available for execution. A.R.S. § 12–1571. There was no objection made at the time this instruction was given. Furthermore, the court previously had explained this to the jury during the trial without objection from counsel when plaintiff's trial counsel was examined as a witness by defendant's counsel. Counsel must object to any remarks or instructions at the time made or at least before the case is submitted to the jury. A failure to object waives the right to attack such remarks or instructions on appeal. Allied Van Lines, Inc. v. Parsons, 80 Ariz. 88, 293 P.2d 430 (1956).

Plaintiff also failed to make an objection to the court's instruction that the funds garnished were "frozen" and the court's refusal to instruct the jury that pursuant to A.R.S. § 12–1584, excess funds could be released. This failure to object waived the right to attack the instruction on appeal. Allied Van Lines, Inc. v. Parsons, *supra*; R. 51(a), Arizona Rules of Civil Procedure, 16 A.R.S.

A defendant is entitled to actual damages sustained as the direct and immediate consequence of a wrongful garnishment. Commonwealth of Mass. v. Davis, *supra*. The loss of profits from the interruption or destruction of an established business may be recovered if the amount of the loss is rendered reasonably certain by competent proof. Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734 (1948). The requirement of reasonable certainty applies with addition-

al force where the loss of future profits is alleged. Gilmore v. Cohen, 95 Ariz. 34, 386 P.2d 81 (1963). The burden is upon plaintiff to show the amount of damages and the evidence must provide a reasonable basis for estimating his loss with as much precision as possible; conjecture or speculation will not suffice. Gilmore v. Cohen, *supra*.

■■■ One is additionally entitled to punitive damages if the wrongful garnishment is proven by a preponderance of the evidence to have been the result of malice. Punitive damages require a finding of actual damage as a predicate for recovery. Jacob v. Miner, *supra*. Starkovich v. Noye, 111 Ariz. 347, 529 P.2d 698 [filed December 13, 1974] is not to the contrary. The amount of punitive damages is discretionary with the trier of fact and an award will not be disturbed on appeal unless wholly unreasonable under the circumstances. Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966).

■■■ We cannot say that the jury's award of compensatory damages was unreasonable, nor can we say that there was no evidence from which malice could be inferred. Reasonable men may draw different conclusions on the issue of malice, but we will not disturb the findings on appeal if there is evidence to support those findings. American Credit Bureau, Inc. v. Bel-Aire Interiors, Inc., 105 Ariz. 590, 469 P.2d 75 (1970).

The claim concerning an alleged breach of an exclusive distributorship agreement was withdrawn before the case was given to the jury and the jury was properly instructed on this point. The damages, from the evidence, cannot be considered so speculative or excessive as to say that the jury was improperly influenced by testimony as to the alleged agreement. A new trial is not necessary.

The judgment is affirmed.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.