571 P.2d 321 (1977)
TEKAI CORPORATION, a Colorado Corporation, Plaintiff-Appellant, and
Cyrus L. Colburn, Jr., Additional Defendant-Appellant, and
William L. Bromberg, Thomas R. Bromberg, John A. Jourgensen, and John Jourgensen Paints, Inc., Defendants-Appellants,
v.
TRANSAMERICA TITLE INSURANCE COMPANY, Defendant-Appellee, and
Colorado National Bank of Denver, Intervenor-Appellee.
No. 76-297.
Colorado Court of Appeals Div. I.
July 28, 1977.
As Modified On Denial of Rehearings August 25, 1977.
Certiorari Denied November 15, 1977.
*323 Hoffman, McDermott & Hoffman, Daniel S. Hoffman, Denver, for plaintiff-appellant Tekai Corp. and additional defendant-appellant, Cyrus L. Colburn, Jr.
Aldo G. Notarianni, Denver, for defendants-appellants.
Neef, Swanson & Myer, Robert Swanson, William P. Denious, Jr., Denver, for defendant-appellee Transamerica Title Ins. Co. and intervenor-appellee Colorado National Bank of Denver.
Davis, Graham & Stubbs, Denver, for intervenor-appellee Colorado National Bank.
COYTE, Judge.
This litigation arises out of the foreclosure and sale of certain property under a mechanic's lien. The plaintiff, Tekai Corporation, commenced an action to set aside the sale, and the other parties[1] asserted the several cross-claims and counterclaims. Following a bifurcated trial to the court, a judgment was entered nullifying the sale and variously disposing of the remaining claims. We affirm the judgment in part, reverse it in part, and remand the cause for further proceedings.
In January 1971, Jourgensen Paints filed a mechanic's lien statement against Tekai in the amount of $1,040.48, which represented *324 the cost of materials furnished for use at an office building then owned by Tekai at 2222 East 18th Avenue in Denver. Jourgensen Paints subsequently initiated suit against Tekai seeking a judgment for the amount of its lien and a decree of foreclosure. A notice of lis pendens was filed at the commencement of the suit.
In January 1972, Tekai and Colburn sought and procured a loan from the Colorado National Bank, with Colburn assuming personal liability for the indebtedness. In connection with the loan, Colorado National obtained a mortgagee's title insurance commitment from Transamerica covering properties of Tekai, including the 18th Avenue property. As an additional aspect of the transaction, Colburn and Transamerica entered into an agreement by which Colburn delivered $1,500 to Transamerica in return for its issuance of the commitment to Colorado National with no exception of Jourgensen Paints' lien. The agreement relative to this $1,500 provides, in pertinent part:
"If no such Certificate of Dismissal [in the lien action] shall have been recorded prior to January 26, 1973, [Transamerica is] hereby authorized and directed to retain said funds until such time as such Certificate of Dismissal has been recorded and to use so much thereof as may be necessary to discharge said judgment entered thereunder and to pay any costs or expenses incurred in connection therewith, returning the balance, if any, to [Colburn]."
Jourgensen Paints meanwhile proceeded to judgment in its lien suit and obtained a decree of foreclosure on the 18th Avenue property. After the requisite publication of notice, a sheriff's sale was held in February 1973. Jourgensen Paints bid $1,344.06, which constituted the indebtedness owed the company, and for that amount, received a certificate of purchase. The property was not redeemed within the statutory period, and Jourgensen Paints was in due course issued a sheriff's deed, which it promptly recorded. The parties agreed that at the date of the sale, the property had an appraised value in the range of $168,000 to $178,000.
Tekai thereafter initiated the suit which is the subject of this appeal. By various motions, the additional parties and claims were incorporated in the action.

The Jourgensen Group's Appeal

I
The Jourgensen group first contends that the trial court erred in setting aside the sheriff's sale. We disagree and affirm that portion of the judgment.
Generally, inadequacy of price alone is not a sufficient ground upon which to set aside a judicial sale. Chew v. Acacia Mutual Life Insurance Co., 165 Colo. 43, 437 P.2d 339 (1968). However, when the totality of circumstances demonstrates that a sale has resulted in an unconscionable condition which is shocking to the conscience of the court, it is within the equitable powers of the court to remedy the condition. Handy v. Rogers, 143 Colo. 1, 351 P.2d 819 (1960); see also Fulton Investment Co. v. Smith, 27 Colo.App. 279, 149 P. 444 (1915).
Here, the trial court found that Jourgensen Paint failed to give actual notice to Tekai or its counsel of the impending sale and the redemption period, that it had not attempted to satisfy its judgment through methods less onerous and oppressive than foreclosure, and that no other bidders were present at the sale. The court concluded that these circumstances, when coupled with the grossly inadequate sale price, required that the sale be set aside.
It is not disputed that Jourgensen Paints proceeded in accordance with the applicable statutory provisions, see §§ 38-22-101 et seq., C.R.S. 1973, nor that counsel for the company had on several occasions prior to January 1973 discussed with Tekai's counsel the possibility of satisfying the judgment. Further, Jourgensen Paints bid the precise amount of its judgment and costs and no deficiency judgment was obtained through the sale.
As the Jourgensen group now argues, the above facts are relevant in establishing the *325 equities here. See, e. g., Chew v. Acacia Mutual Life Insurance Co., supra; La Fitte v. Salisbury, 43 Colo. 248, 95 P. 1065 (1908); Conway v. John, 14 Colo. 30, 23 P. 170 (1890); Victor Investment Co. v. Roerig, 22 Colo.App. 257, 124 P. 349 (1912). Nevertheless, the findings made by the trial court in support of its decision are also undisputed and equally pertinent to its equitable resolution of the matter. Under the circumstances, we conclude that the trial court did not abuse its discretion in setting aside the sale. See generally 30 Am.Jur.2d Executions §§ 713 and 733.
In view of our disposition of this issue, it is unnecessary to discuss Colorado National's arguments directed toward the validity of the judgment upon which the foreclosure decree was based. Even assuming the bank's contentions were properly before this court absent cross-appeal, see City of Delta v. Thompson, Colo.App., 548 P.2d 1292 (1975), the record is inadequate to permit our consideration of this issue.

II
The Jourgensen group next contends that the trial court erred in permitting Tekai to attack collaterally the judgment obtained in Jourgensen Paints' lien action. We disagree.
Contrary to the Jourgensen group's argument, Tekai's suit was a direct attack on the execution and sale rather than a collateral attack on the judgment supporting the execution. Cf. Clarke v. Asher, 53 Colo. 313, 125 P. 358 (1912); see also Prudential Corp. v. Bazaman, 512 S.W.2d 85 (Tex.Civ. App.1974). And we further hold that an execution sale may be set aside either on motion in the court which issued the process or in an independent action in a court possessing equitable jurisdiction. Nussbaumer v. Superior Court, 107 Ariz. 504, 489 P.2d 843 (1971); and see generally 33 C.J.S. Executions § 239. Accordingly, the trial court did not err in refusing to dismiss the action, nor was the suit precluded by the terms of the previous judgment.

III
In its final assignment of error, the Jourgensen group asserts that the trial court erred in allowing Colorado National to intervene in the action. We reject this contention.
The Jourgensen group's theory is that Colorado National, which was afforded notice of Jourgensen Paints' foreclosure action by means of the lis pendens, was thereafter bound by the outcome of that litigation. However, the authorities relied on by the Jourgensen group, e. g., Howard v. Fisher, 86 Colo. 493, 283 P. 1042 (1929) are relevant only to establishing the priority of liens and do not involve, as does this appeal, the question of intervention in an independent equitable action to set aside a foreclosure sale. See Nussbaumer v. Superior Court, supra.
C.R.C.P. 24 is to be liberally construed in order that all related controversies may be resolved in one action. City of Delta v. Thompson, supra. Where, as here, intervention is permitted by the trial court, its ruling will not be disturbed absent an abuse of discretion. Groendyke Transport, Inc. v. District Court, 140 Colo. 190, 343 P.2d 535 (1959).
In its complaint for intervention, Colorado National asserted both an interest relating to the property which would be impaired by the litigation and claims in common with plaintiff Tekai, and requested a final adjudication of the rights of all parties in the property. Attached to the complaint was a copy of Tekai's promissory note in favor of the bank secured by a deed of trust to the property in question. In view of these circumstances, the trial court did not err in allowing intervention. See C.R.C.P. 24 and 105.
With respect to the priority of its lien, Jourgensen Paints was not deprived of its statutory rights by the trial court's resolution of the conflicting claims. Generally, in the event a foreclosure sale is set aside, the parties are to be restored as nearly as possible to the status quo ante, George Hogg & Son v. Budnick, 227 Ky. 602, 13 *326 S.W.2d 756 (1929), including any rights previously available to the creditor under the judgment. Wambaugh v. Gates, 11 Paige Ch. 505 (1845).
Here, rather than affixing a lien in favor of Jourgensen Paints on Colorado National's interest in the property which it had acquired through its foreclosure of the deed of trust securing the Tekai loan, cf. Brug v. Herbst, 78 Colo. 128, 239 P. 868 (1925), the trial court directed that the funds deposited in the court's registry by Colorado National be paid to Jourgensen Paints in satisfaction of the latter's judgment. Thus, Jourgensen Paints' lien was at all times afforded its correct priority, and, an amount sufficient to satisfy the judgment was, and remains tendered. Consequently, Jourgensen Paints' rights as a creditor were wholly protected.

The Tekai and Colburn Appeal

I
By complaint and cross-claim, Tekai and Colburn attempted to state a cause of action in tort against the Jourgensen group. Following presentation of Tekai's and Colburn's evidence, the Jourgensen group moved under C.R.C.P. 41(b) for dismissal of the claims, which motion was granted by the trial court. Tekai and Colburn assign that ruling as error.
Relying on Andrew Brown Co. v. Painters Warehouse, Inc., 111 Ariz. 404, 531 P.2d 527 (1975), Tekai and Colburn contend that the Jourgensen group's conduct here was "similar in character to a wrongful attachment" and that the Jourgensen group is thus liable for damages under analogous principles. See also Grant Investments Co. v. Fuller & Co., 171 Colo. 86, 464 P.2d 859 (1970). The argument is without merit.
The remedy of attachment exists only by reason of statute or rules of procedure enacted pursuant to statutory authority, Worchester v. State Farm Mutual Automobile Insurance Co., 172 Colo. 352, 473 P.2d 711 (1970), and such provisions govern the cause of action arising out of a wrongful attachment. Gurley v. Tomkins, 17 Colo. 437, 30 P. 344 (1892); Andrew Brown Co. v. Painters Warehouse, Inc., supra. The Jourgensen group proceeded to foreclosure and sale under a mechanic's lien, and the provisions of C.R.C.P. 102 relative to the pre-judgment remedy of attachment were never invoked during the transaction. We therefore reject the contention that the principles applicable to a claim for wrongful attachment are relevant to the particular facts of this case.
The foregoing analysis also disposes of Tekai's and Colburn's assertion that the Jourgensen group can be held liable for damages for the tort of abuse of process. Regardless of whether the tort is designated "abuse of process" or "malicious prosecution," White Lightning Co. v. Wolfson, 68 Cal.2d 336, 66 Cal.Rptr. 697, 438 P.2d 345 (1968), such liability cannot be imposed against the Jourgensen group in this case for pursuing their remedies in strict compliance with the mechanic's lien statute. Accordingly, the trial court was correct in its determination that Tekai and Colburn had failed, as a matter of law, to establish a cause of action against the Jourgensen group.
Further, the trial court found that no tortious conduct had occurred in connection with the execution and sale. Being adequately supported by the record, this factual determination cannot be set aside on review, Rubens v. Pember, 170 Colo. 182, 460 P.2d 803 (1969), and is in itself sufficient to dispose of Tekai's and Colburn's claims against the Jourgensen group. See Gurley v. Tomkins, supra; Aztec Corp. v. Western States Leasing Corp., 32 Colo.App. 248, 510 P.2d 897 (1973).

II
Tekai and Colburn last maintain that the trial court erred in dismissing their contract claim against Transamerica. We agree, and reverse that portion of the judgment and remand the cause for further proceedings.
In its findings of fact relative to Transamerica's alleged liability pursuant to its agreement with Colburn, the trial court *327 stated that "the promise, the protections, the duties under this contract to pay run to the Colorado National Bank"; and, on the basis of that conclusion, it granted Transamerica's motion to dismiss. We determine, to the contrary, that following issuance of the mortgagee's policy to Colorado National, the bank had no further interest in the contractual relationship between Colburn and Transamerica, and that Tekai's and Colburn's claim was not precluded by reason of any possible benefit inuring to the bank through the putative escrow arrangement.
Analytically, the loan agreement between Tekai and Colorado National was not contingent upon removal of Jourgensen Paints' lien from the mortgaged property, but only upon Tekai's procurement of a title policy which did not except that lien. This condition satisfied, the bank was protected by the terms of the policy rather than the arrangement by which the policy was obtained.
As between Colburn and Transamerica, a contract thereafter remained in effect, the express terms of which provided that Transamerica would retain the funds until a certificate of dismissal was recorded in the Jourgensen Paints' lien action, or until January 26, 1973. Transamerica was also directed to use the funds to discharge any judgment obtained by Jourgensen Paints. The consideration supporting the agreement was, first, the issuance of the policy permitting Tekai to obtain the loan, and, second, Colburn's promise to indemnify Transamerica for any loss occasioned by the issuance of the policy.
Thus, we conclude that the trial court erred in disregarding the effect of the contract between Colburn and Transamerica and in failing to determine, inter alia, whether that contract has been breached, whether any duty under the contract is owed to Tekai, whether and to what extent the indemnification clause is effective, and what amount of damages, if any, is appropriate. We remand the cause for consideration of these and any related questions.
With the exception of that portion pertaining to the contract claim of Tekai and Colburn against Transamerica, the judgment is affirmed. The judgment in favor of Transamerica and against Tekai and Colburn is reversed and the cause remanded for further proceedings.
BERMAN and KELLY, JJ., concur.
NOTES
[1] In addition to plaintiff-appellant Tekai, the parties to this appeal are as follows: William and Thomas Bromberg, John Jourgensen, and John Jourgensen Paints, Inc., are defendants-appellants, and will be referred to collectively as the Jourgensen group. Cyrus Colburn, president of Tekai, was joined in the trial court as an "additional defendant" and now also appears as an appellant. Transamerica Title Insurance Company, hereinafter Transamerica, is a defendant-appellee. Colorado National Bank of Denver was granted leave to intervene by the trial court and is designated an intervenor-appellee.