**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK STUART; VIRGINIA G. STUART,

        Plaintiffs-Appellants,

v.

CITY OF SCOTTSDALE, a Municipal Corporation and a political subdivision of the State of Arizona; WJ LANE, AKA Jim Lane, Husband; JOANN LANE, wife; GUY PHILLIPS; KATHY LITTLEFIELD; SOLANGE WHITEHEAD; SUZANNE KLAPP, Wife; LINDA MILHAVEN, Wife; VIRGINIA KORTE, Wife; JIM THOMPSON, Husband; KRISTEN THOMPSON, wife; BRUCE WASHBURN, husband; WASHBURN, Wife, named as Jane Doe Washburn; ERIC ANDERSON, husband; JENNIFER ANDERSON, wife; CAROLINE JAGGER, Wife,

        Defendants-Appellees.

Nos. 22-15498
      22-16300

D.C. No. 2:20-cv-00755-JAT

MEMORANDUM[*]

Appeal from the United States District Court

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted August 1, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

In No. 22-15498, Mark and Virginia Stuart (collectively, the Stuarts) appeal pro se from the judgment of the district court in favor of the City of Scottsdale (Scottsdale) and the Individual Defendants[1] in their action alleging federal civil rights and state law violations arising from Scottsdale's application for a writ of garnishment. In No. 22-16300, the Stuarts appeal from the district court's denial of their Federal Rule of Civil Procedure 60 motion for relief from the judgment. We affirm the judgment in No. 22-15498 and dismiss the appeal in No. 22-16300.

Reviewing de novo,[2] we affirm the district court's judgment on the Stuarts' 42 U.S.C. § 1983 claims. Summary judgment was appropriate as to the Stuarts'

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] W.J. Lane; Guy Phillips; Kathy Littlefield; Solange Whitehead; Suzanne Klapp; Linda Milhaven; Virgina Korte; Jim Thompson; Bruce Washburn; Eric Anderson.
The Stuarts did not appeal the dismissal of their claims against Defendants Joann Lane, Kristen Thompson, and Jennifer Anderson, and those individuals are not included in the term "Individual Defendants."

[2] *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).

2

municipal liability claims[3] because even assuming (without deciding) that a constitutional violation occurred, there was no genuine dispute of material fact that Scottsdale had no policy of violating constitutional rights. *See Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (per curiam). The district court correctly determined that in the circumstances of this case, Scottsdale did not ratify any unconstitutional decisions[4] and Defendant Washburn was not a final policymaker.[5] Likewise, the district court correctly granted qualified immunity to the Individual Defendants. There was no material evidence that any of them had violated the Stuarts' clearly established constitutional rights. *See Lane v. Franks*, 573 U.S. 228, 243, 134 S. Ct. 2369, 2381, 189 L. Ed. 2d 312 (2014); *see also White v. Pauly*, 580 U.S. 73, 79, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017) (per curiam); *Shinault v. Hawks*, 782 F.3d 1053, 1059 (9th Cir. 2015).

We also affirm the judgment as to the Stuarts' Arizona claims. The record reflected no genuine dispute of material fact that Scottsdale had not committed

---

[3] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018, 2035–36, 56 L. Ed. 2d 611 (1978); *id.* at 690 n.55, 98 S. Ct. at 2035 n.55.

[4] *See Trevino v. Gates*, 99 F.3d 911, 920–21 (9th Cir. 1996).

[5] *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 124–25, 108 S. Ct. 915, 924–25, 99 L. Ed. 2d 107 (1988); *cf. Lytle v. Carl*, 382 F.3d 978, 982–85 (9th Cir. 2004) (explicit delegation of authority).

3

wrongful garnishment,[6] abuse of process,[7] or intentional infliction of emotional distress.[8] On the contrary, the evidence showed that Scottsdale had acted appropriately in seeking to collect on its undisputed, valid judgment.

The district court did not abuse its discretion[9] in denying as untimely the Stuarts' motion for the district judge to recuse himself. *See Preston v. United States*, 923 F.2d 731, 732–33 (9th Cir. 1991); *see also* 28 U.S.C. §§ 144, 455. The record supports the conclusion that the Stuarts' two-month delay was unreasonable,[10] and the Stuarts have not argued otherwise.

In No. 22-16300, we construe the Stuarts' briefing as a second motion to remand this case for the district court to consider their Rule 60(b) motion. *See Canadian Ingersoll-Rand Co., Ltd. v. Peterson Prods. of San Mateo, Inc.*, 350 F.2d 18, 27 & n.16 (9th Cir. 1965); *see also* Fed. R. App. P. 12.1. So construed, we

_____

[6] *See Andrew Brown Co. v. Painters Warehouse, Inc.*, 531 P. 2d 527, 529 (Ariz. 1975), *abrogated on other grounds as recognized by Swift Transp. Co. of Ariz. LLC v. Carman ex rel. Cnty. of Yavapai*, 515 P.3d 685, 689–93 (Ariz. 2022); *see also* Ariz. Rev. Stat. § 12-1572.

[7] *Joseph v. Markovitz*, 551 P.2d 571, 574–75 (Ariz. Ct. App. 1976); *see also Rondelli v. Pima Cnty.*, 586 P.2d 1295, 1301 (Ariz. Ct. App. 1978).

[8] *Christakis v. Deitsch*, 478 P.3d 241, 245 (Ariz. Ct. App. 2020); *see also Midas Muffler Shop v. Ellison*, 650 P.2d 496, 498–500 (Ariz. Ct. App. 1982).

[9] *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[10] *See United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018).

4

deny it, and we dismiss the appeal.  *See Visioneering Constr. & Dev. Co. v. U.S. Fid. & Guar. (In re Visioneering Constr.)*, 661 F.2d 119, 124 & n.6 (9th Cir. 1981).  Even assuming that the May 24, 2022, Arizona Commissioner ruling amounted to newly-discovered evidence, that evidence would not change the outcome of any of the Stuarts' claims.  *See Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985–86, 985 n.2 (9th Cir. 2009).

**AFFIRMED as to No. 22-15498 and DISMISSED as to No. 22-16300.**